**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**LUCILLE ANDERSON, as heir and wrongful
death beneficiary of Clarence Anderson, deceased**                                   **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO.: 5:18-cv-00133-DCB-MTP**

**UNITED STATES OF AMERICA,
JENNIFER WILLIAMS, FNP-C,
NATCHEZ HOSPITAL COMPANY, LLC
Dba MERIT HEALTH NATCHEZ,
KENYA J. WHITNEY, M.D. and
JOHN DOES 1 through 10**                                                        **DEFENDANTS**

**ANSWER OF THE UNITED STATES OF AMERICA
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, United States of America, answers Plaintiff's First Amended Complaint as follows:

**PARTIES**

1.   Answering paragraph 1 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

2.   Answering paragraph 2 of the Amended Complaint, Defendant admits that Jefferson Comprehensive Health Center, Inc. ("Jefferson Health") is and was a program grantee under 42 U.S.C. § 254(b), that it and Jennifer Williams, FNP-C, are deemed employees of the Public Health Service under 42 U.S.C. § 233(g)-(n).  Any remaining allegations of fact are denied.

3.   Answering paragraph 3 of the Amended Complaint, Defendant admits only that Jennifer Williams, FNP-C was an employee of Jefferson Health, was acting within the scope and course of this employment when treating the Plaintiff's decedent, Clarence Anderson, and that she was and is licensed to practice as a nurse practitioner in Mississippi.  Defendant denies that

this Court has subject-matter jurisdiction over Ms. Williams, as she was a deemed federal employee, and, thus, is immune from suit under the Westfall Act, 28 U.S.C. § 2679(b)(1).

4. Paragraph 4 of the Amended Complaint is not directed at this Defendant, and, as such, no response is necessary.

5. Paragraph 5 of the Amended Complaint is not directed at this Defendant, and, as such, no response is necessary.

6. Paragraph 6 of the Amended Complaint is not directed at this Defendant, and, as such, no response is necessary.

## JURISDICTION, VENUE, AND PROCEDURE

7. Paragraph 7 of the Amended Complaint are legal conclusions for which no response is necessary.

8. Paragraph 8 of the Amended Complaint are legal conclusions for which no response is necessary.

9. Paragraph 9 of the Amended Complaint are legal conclusions for which no response is necessary.

10. Answering paragraph 10 of the Amended Complaint, Defendant admits that the allegations underlying this suit involve alleged actions or omissions to act that occurred within this district, and denies those allegations in form and in substance.

11. Answering paragraph 11 of the Amended Complaint, Defendant admits only that the Plaintiff filed an administrative tort claim on April 4, 2018, and that this claim had not been formally denied as of the initiation of this litigation.

12. Paragraph 12 of the Amended Complaint are legal conclusions for which no response is necessary.

**FACTS**

13. Answering paragraph 13 of the Amended Complaint, Defendant admits that Clarence Anderson presented to nurse practitioner Jennifer Williams, FNP-C, at Jefferson Health with complaints of swelling of the face and lips and a cough.

14. Answering paragraph 14 of the Amended Complaint, first sentence, Defendant admits. Answering the second sentence, Defendant denies. Answering the third sentence, Defendant admits and avers that Mr. Anderson was also prescribed oral prednisone and advised to report to the hospital emergency department if he experienced difficulty breathing or uncontrollable symptoms.

15. Answering paragraph 15 of the Amended Complaint, Defendant denies.

16. Answering paragraph 16 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17. Answering paragraph 17 of the Amended Complaint, including subparagraphs a and b, Defendant denies.

18. Answering paragraph 18 of the Amended Complaint, Defendant admits.

19. Paragraph 19 of the Amended Complaint, including subparagraphs a, b, and c, is not directed at this Defendant, and, as such, no response is necessary.

20. Paragraph 20 of the Amended Complaint is not directed at this Defendant, and, as such, no response is necessary.

21. Answering paragraph 21 of the Amended Complaint, Defendant denies this allegation so far as it pertains to the United States.

## COUNT 1: NEGLIGENCE

22.     Answering paragraph 22 of the Amended Complaint, Defendant incorporates its answers to paragraphs 1 through 21.

23.     Answering paragraph 23 of the Amended Complaint, first sentence, Defendant denies so far as this allegation pertains to the United States.  Answering the second sentence, Defendant admits.

24.     Answering paragraph 24 of the Amended Complaint, Defendant denies as stated and avers that Ms. Williams and Mr. Anderson formed a healthcare provider-patient relationship, with all attendant legal duties derived therefrom.

25.     Answering paragraph 25 of the Amended Complaint, Defendant denies.

## COUNT 2: BREACH OF CONTRACT

26.     Answering paragraph 26 of the Amended Complaint, Defendant incorporates its answers to paragraphs 1 through 25.

27.     Answering paragraph 27 of the Amended Complaint, Defendant denies and avers that a breach of contract claim is barred by the doctrine of sovereign immunity.

28.     Answering paragraph 28 of the Amended Complaint, Defendant denies and avers that a breach of contract claim is barred by the doctrine of sovereign immunity.

29.     Answering paragraph 29 of the Amended Complaint, Defendant denies.

## RESERVATION OF CLAIMS

30.     Answering paragraph 30 of the Amended Complaint, Defendant incorporates its answers to paragraphs 1 through 29.

31.     Answering paragraph 31 of the Amended Complaint, Defendant denies.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the Complaint sets forth Plaintiff's Prayer for Relief to which no response is required.  To the extent that the Court requires a response, Defendant denies the allegations set forth in the Complaint and denies Plaintiff's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Although discovery has not yet been permitted and investigation has only just begun, the following matters are raised at this time to give all parties notice of defenses, affirmative defenses, and other matters that exist now or may arise after discovery and future investigation:

1. There is no subject matter jurisdiction over any claims not administratively exhausted by the Plaintiff or any claims subject to the discretionary function or intentional tort exceptions set forth in 28 U.S.C. § 2680.

2. No negligent or wrongful act or omission on the part of an employee or agent of the United States was the cause in fact or proximate cause of the Plaintiff's decedent's alleged injuries, or those injuries were the result of an intervening and/or superseding cause for which the Defendant was not responsible.

3. With respect to medical services provided to Plaintiff's decedent, Defendant's employees exercised such skill, prudence, and diligence as other similarly credentialed individuals nationwide.

4. Any injury, damage, or loss suffered by Plaintiff was caused by the negligent or willful failure of Plaintiff's decedent to follow all reasonable and proper advice and instructions regarding care, activities, and treatment given by Defendant's personnel or otherwise failing to exercise ordinary care on Plaintiff's decedent's own behalf.

5. If Defendant is found liable, which Defendant expressly denies, Plaintiff's recovery shall be diminished in proportion to according to the Plaintiff's decedent's own negligent conduct. MISS. CODE. § 11-7-15 (2017).

6. If Defendant is found liable, which Defendant expressly denies, Plaintiff is limited to the amount set forth in her administrative claim 28 U.S.C. § 2675(b) (2006).

7. If Plaintiff was injured or damaged by the Defendant, which is specifically denied, such injuries and damages resulted from known risks or unavoidable conditions for which the Defendant is not responsible.

8. Defendant shall not be liable for prejudgment interest or punitive damages. 28 U.S.C. §2674 (2006).

9. In good faith, based upon the facts as currently known and subject to discovery, to the extent Plaintiff is entitled to recover damages, the Defendant is entitled to recoupment, credit, or set-off for any past or future benefits paid to or on behalf of the Plaintiff or Plaintiff's decedent under any government program, whether state or federal, to the extent allowed under federal and state law.

10. If Defendant is found liable, which Defendant expressly denies, others (whether known or unknown) over whom the Defendant exercised no supervision or control may be comparatively negligent. Under the doctrine of several liability, the Defendant, in such instance, would be liable only for its proportionate share of the fault. MISS. CODE. § 85-5-7 (2017).

11. If the Defendant is found liable, which Defendant expressly denies, it is entitled to the limitations on non-economic and hedonic damages as set forth in MISS. CODE. §§ 11-1-60 and 11-1-69 (2017).

12. Defendant, United States of America, denies that Plaintiff is entitled to a jury trial pursuant to the Federal Tort Claims Act as to the federal entity.

13. Defendants Jennifer Williams and Jefferson Health are not proper parties, and the Court must dismiss all claims against them for lack of subject matter jurisdiction.

14. Defendant asserts that it has, or may have, additional affirmative or other defenses which are not known at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

WHEREFORE, Defendant prays:

1. That judgment be entered against Plaintiff;

2. That Defendant be awarded costs; and

That Defendant be awarded such other and further relief as this Court may deem appropriate.

Date: April 1, 2019

Respectfully submitted,

D. MICHAEL HURST, JR.
UNITED STATES ATTORNEY

Mitzi Dease Paige (MSB # 6014)
Assistant United States Attorney
501 E. Court Street - Suite 4.430
Jackson, Mississippi   39201
601-973-2840 (Phone)
601-965-4409 (Fax)
E-Mail: Mitzi.Paige@usdoj.gov
Counsel for Defendant

**OF COUNSEL:**
Sean M. Flaim, General Attorney
Claims and Employment Law Branch
330 C Street, SW
Switzer Building – Suite 2600
Washington, DC 20201

Telephone No.: (202) 691-2120
Email: sean.flaim@hhs.gov